UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SYLVIA BLACK, | |
| Plaintiff, | REPORT and RECOMMENDATION |
| v. | |
| PEACE OFFICER CHRISTINE VITELLO, PEACE OFFICER RICK ROSENBERRY, PEACE OFFICER BILL HEINE, of the SPCA WNY, and SPCA OF WESTERN NEW YORK, | 17-CV-00393V(F) |
| Defendants. | |

_____

APPEARANCES:   SYLVIA BLACK, *Pro Se*
3842 Harlem Road
400-237
Buffalo, New York  14215

ALAN DONATELLI, Esq.
Attorney for Defendants
11 Summer Street
3rd Floor
Buffalo, New York  14209

## **JURISDICTION**

This case was referred to the undersigned by Hon. Lawrence J. Vilardo on April 13, 2018, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Plaintiff's motion for a hearing filed August 14, 2017 (Dkt. 8), and on Defendants' motion to dismiss filed August 25, 2017 (Dkt. 9).

## **BACKGROUND and FACTS**[1]

Plaintiff Sylvia Black ("Plaintiff" or "Black"), proceeding *pro se*, commenced this action on May 9, 2017, by filing the Complaint alleging she was subjected to various civil rights violations by Defendants Society for the Prevention of Cruelty to Animals serving Erie County[2] ("SPCA"), and SPCA Peace Officers Christine Vitello ("Vitello"), Rick Rosenberry ("Rosenberry"), and William Heine ("Heine") (together, "Defendants"). Plaintiff's claims are based on the February 8, 2017, seizure and removal, pursuant to a search warrant Defendant Vitello obtained from Buffalo City Court that same day, of 14 cats from her residence located at 62 Shepard Street, Buffalo, New York ("the residence"). Subsequent to the seizure, Plaintiff was arrested and given an appearance ticket charging her with four (4) misdemeanor counts of animal abuse in violation of N.Y. Agriculture and Markets Law § 353 (McKinney's 2005).[3] Following their removal, several of the cats were euthanized, while the others were provided with veterinary care and boarding by the SPCA.

On May 4, 2017, Plaintiff sent to Defendants SPCA, Vitello, and Rosenberry, via first class mail through the United States Postal Service, copies of the document that Plaintiff, on May 9, 2017, filed as the Complaint. On May 24, 2017, Defendants filed an answer (Dkt. 2), asserting that the animals were found in deplorable conditions, seized, and brought to SPCA facilities where the animals were treated and sheltered. Answer ¶¶ 14-16. Defendants also assert nine affirmative defenses including, as relevant here, a lack of personal jurisdiction over Defendants based on insufficient service of process,

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.
[2] In the Complaint, Plaintiff incorrectly refers to this Defendant as the "SPCA of Western New York."
[3] On March 13, 2017, Plaintiff was arraigned on the misdemeanor counts and, on December 5, 2017, Plaintiff pleaded guilty to one count of animal abuse in full satisfaction of the matter.

2

*id.* ¶¶ 5, 6, and a counterclaim to recoup the costs for medical care and boarding the animals in an amount not less than $ 10,000.  *Id.* ¶¶ 17-18.  On June 19, 2017, Plaintiff filed an answer to Defendants' counterclaim.  (Dkt. 4).  Plaintiff filed copies of discovery demands she maintains were served on Defendants, and to which Defendants had yet to provide answers on June 19, 2017 (Dkt. 5), and August 14, 2017 (Dkt. 7).

On August 14, 2017, Plaintiff filed a motion for a pretrial hearing or scheduling conference (Dkt. 8) ("Plaintiff's motion"), supported by the attached Affidavit of Sylvia Black in Support of Motion (Dkt. 8 at 5-10) ("Plaintiff's Affidavit").  On August 25, 2017, Defendants filed a cross-motion to dismiss the Complaint for insufficient service of process (Dkt. 9) ("Defendants' motion"), attaching the Attorney Affirmation of Alan Donatelli, Esq., in Opposition to Motion and in Support of Cross-Motion (Dkt. 9-1) ("Donatelli Affirmation"), exhibits (Dkts. 9-2 and 9-3), and the Memorandum of Law in Opposition to Plaintiff's Notice of Motion and in Support of the SPCA Defendants' Cross-Motion for Dismissal of the Complaint (Dkt. 9-4) ("Defendants' Memorandum").[4] On May 2, 2018, Plaintiff filed Plaintiff's Opposition to Defendants' Motion to Dismiss (Dkt. 13) ("Plaintiff's Response").  On May 13, 2018, Defendants filed the Attorney Alan Donatelli, Esq. Reply Affirmation in Support of Cross-Motion (Dkt. 14) ("Donatelli Reply Affirmation"), with exhibits (Dkt. 14-1).  On June 12, 2018, Plaintiff filed Plaintiff's 2nd Opposition to Defendants' 2nd Motion to Dismiss (Dkt. 15) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendants' motion should be GRANTED; Plaintiff's motion should be DISMISSED as moot.

---

[4] For unexplained reasons, the Donatelli Affirmation, exhibits, and Defendants' Memorandum were also filed as Dkt. 10, 10-1, 10-2, and 10-3.

**DISCUSSION**

Defendants seek dismissal of the Complaint on the basis that Plaintiff failed to effect sufficient service of process such that there is no personal jurisdiction over Defendants in this action. Defendants' Memorandum at 1-3. Plaintiff's motion for a pretrial conference is predicated on Defendants' failure to provide responses to discovery demands, which responses Plaintiff maintains will establish the criminal case against her was procedurally infirm based on several irregularities including, *inter alia*, a forged search warrant such that Defendants' entry into her residence to seize the cats constituted a criminal breaking and entering constituting an unreasonable search and seizure in violation of the Fourth Amendment, incorrect dates on various documents, and a court order requiring Plaintiff undergo drug and alcohol treatment despite no evidence that Plaintiff abuses drugs of alcohol. Plaintiff's Memorandum at 2-5.

**1.     Motion to Dismiss**

Insofar as Defendants argue Plaintiff failed to effect proper service, such motion is pursuant to Fed.R.Civ.P. 12(b)(2) (lack of personal jurisdiction), and (5) (insufficient service of process). Significantly, "'[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" *Dynergy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). "[T]he service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946). As relevant, Fed. R. Civ. P. 4 ("Rule 4") provides that after filing a complaint, each

4

defendant must be served with a summons and a copy of the complaint for service of process upon an individual within 90 days.  Fed. R. Civ. P. 4(c)(1) and (m).  Service may be made by "[a]ny person who is at least 18 years old and not a party . . . ." Fed.R.Civ.P. 4(c)(2).  "[T]he plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010).  "A defendant's objection to service 'must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized.'"  *Stepney v. Rochester Housing Authority*, 2018 WL 3110225, at * 3 (W.D.N.Y. June 25, 2018) (quoting *Koulkina v. City of New York*, 559 F.Supp.2d 300, 312 (S.D.N.Y. 2008)).

In the instant action, Plaintiff, prior to filing the Complaint and obtaining a docket number and summons, attempted to serve each of the Defendants by mailing copies of the unfiled Complaint by way of the United States Postal Service.  *See* Defendants' Exhibit, Dkt. 10-1 (copies of Affidavits of Service by Mail for "Civil Court of the City of New York [*sic*], County of Erie," indicating that on May 4, 2017, one "Reginald Gray" mailed "the attached papers" to "Gary Willoughby II," President and C.E.O. of the SPCA W.N.Y. (Dkt. 10-1 at 1), "Peace Officer Rick Rosenberry" (Dkt. 10-1 at 2), "Peace Officer Christine Vitello" (Dkt. 10-1 at 3), and "Peace Officer Bill Heine") (Dkt. 10-1 at 4).[5] Defendants argue in support of dismissal that not only did Plaintiff fail to file the Complaint such that no case number was obtained prior to Plaintiff's attempted service of the Complaint, but that the copies of the Complaint mailed to Defendants were not accompanied by the required summons issued by the Clerk of Court when the

---

[5] Although Defendants maintain that Heine never even received the asserted deficient service of the Complaint, Defendants' Memorandum at 1, the court presumes, for the sake of this discussion, that Heine did receive it.

Complaint is presented for filing, and service by United States mail is not sufficient under either federal or New York law. Defendants' Memorandum at 1-2. Defendants further argue the attempted service of process is fatally flawed such that the court is without personal jurisdiction over Defendants, rendering Plaintiff's motion seeking a pretrial conference moot. *Id.* at 2. In opposing Defendants' motion, Plaintiff does not argue that her attempted service of the Complaint occurred in any manner other than as described by Defendants, but instead reiterates the asserted myriad of illegalities she maintains accompanied Defendants' seizure of cats from her home. Plaintiff's Response at 1-6; Plaintiff's Reply at 1-8.

In this case, Defendants include individuals Heine, Rosenberry, and Vitello, as well as a non-profit corporation, the SPCA. As relevant, Fed.R.Civ.P. 4 ("Rule 4), provides that the contents of a summons must, *inter alia*, "be signed by the clerk" and "bear the court's seal." Fed.R.Civ.P. 4(a)(1)(F) and (G). Here, Plaintiff's attempted service of the Complaint prior to filing it was not accompanied by the summons and, as such, was insufficient to confer personal jurisdiction over Defendants. *See Barron v. Miami Executive Towers Assocs. Ltd. P'Ship*, 142 F.R.D. 394, 397 (S.D.N.Y. 1992) ("Although strict conformity with Rule 4's provisions is not required in every instance, actual receipt of both the summons and the complaint is a base requirement" (citing *Krank v. Express Funding Corp.*, 133 F.R.D. 14, 17 (S.D.N.Y. 1990))). Even if the court could overlook Plaintiff's failure to serve the copies of the Complaint with summonses, Plaintiff's service of the Complaint did not comply with federal or New York law. In particular, service may be made upon on individual within the United States by

> (1) following state law for *serving a summons* in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) *delivering a copy of the summons and of the complaint* to the individual personally;
>> (B) *leaving a copy of each* at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) *delivering a copy of each* to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e) (italics added).

Service on a corporation, like Defendant SPCA, is to be made

> (1) in a judicial district of the United States:
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>> (B) *by delivering a copy of the summons and of the complaint* to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . . .

Fed.R.Civ.P. 4(h) (italics added).

A plain reading of Rule 4 establishes that service of process requires service of the summons and complaint, and that service by United States mail is not an approved method for service of process under federal law, and more than 90 days have elapsed since Plaintiff filed the Complaint on May 9, 2017, such that Plaintiff has failed to timely effect proper service under federal law. Nor has Plaintiff timely effected proper service under New York law.

Specifically, similar to Rule 4, New York law provides for personal service upon a natural person, N.Y. Civ.Prac.L.&R. § 308[1], or corporation, N.Y. Civ.Prac.L.&R. § 311, which was not followed here. Although New York law does permit service by first class

mail "as an alternative to the methods of personal service," N.Y. Civ.Prac.L.&R. § 312-a(a), for service attempted by this method to be complete,

> the defendant, defendant's attorney or an employee of the attorney must complete the acknowledgement of receipt and mail or deliver one copy of it within thirty (3) days from the date of receipt. Service is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender. The signed acknowledgement of receipt shall constitute proof of service.

N.Y. Civ.Prac.L.&R. § 312-a(b).

Here, Plaintiff has not produced any signed acknowledgement of receipt of service as proof of service by first class mail. Further, Plaintiff does not argue that a copy of the summons accompanied her attempt to serve the Complaint, nor can she given that the deficient service occurred prior to the filing on the Complaint and, thus, before the Clerk of Court's issuance of summons.

Accordingly, Plaintiff has failed to meet her burden of establishing adequate service, *Dickerson*, 604 F.3d 752, rendering this court without personal jurisdiction over Defendants. *Dynergy Midstream Servs.*, 451 F.3d at 94. Furthermore, "[a] plaintiff's *pro se* status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m)." *Jordan v. Forfeiture Support Assocs.*, 928 F.Supp.2d 588, 598 (E.D.N.Y. 2013) (internal quotation omitted). Here, Plaintiff neither alleges nor demonstrates good cause for her failure to effect sufficient service of process and, accordingly, Defendants' motion to dismiss the Complaint for insufficient service of process should be GRANTED.

Furthermore, the dismissal of the Complaint renders Plaintiff's motion moot, and it should be DISMISSED.

## **CONCLUSION**

Based on the foregoing, Defendants' motion (Dkt. 9), should be GRANTED; Plaintiff's motion (Dkt. 8), should be DISMISSED as moot.  The Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 18, 2019
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 18, 2019
         Buffalo, New York